UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:99-CR-004-02 |
| | ) | |
| SCOTTIE ALEXANDER | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss Restitution filed by Scottie Alexander ("Alexander") on December 6, 2007.[1] The United States of America (the "government") filed a response in opposition to the motion on December 28, 2007. Alexander did not file a reply to the government's response.[2] For the reasons set forth herein, the Motion to Dismiss Restitution is DENIED.

**DISCUSSION**

Alexander pleaded guilty in this court on March 4, 1999, to one count of violating 18 U.S.C. § 1029(b)(2) (conspiracy to defraud the United States by possessing unauthorized credit cards). See Docket at 52. On August 12, 1999, the court sentenced Alexander to five years of probation, four months of home detention, and ordered her to pay restitution in the amount of $8,242.05. See Docket at 63. Alexander was held jointly and severally liable for the restitution along with a co-defendant, Andrew Craig. *Id*.

---

[1] Alexander is proceeding *pro se*. However, she was represented by counsel throughout the underlying criminal case, including at sentencing.

[2] The due date for a reply was January 16, 2008.

> In her Motion Alexander states, in relevant part, as follows:
>
> I, Scottie Alexander am writing this letter[3] for restitution dismissal, based on these facts: This case was brought before your court well over 10 years ago.[4] In which you ordered approximately $8500 restitution to be paid by both I myself, Scottie Alexander and Andrew Craig. I Scottie Alexander have paid almost half the restitution amount ordered by you. But, unfortunately Mr. Andrew Craig has not made one single payment on this order. Which seems to me a bit unfair. . . I understand that he may have other obligations so do I for that reason. Will you please understand why this restitution payment must be dismissed. I have served 5 years of probation in which I've completed without any violations. . . .

Motion to Dismiss Restitution, Docket at 107. Thus, Alexander wants to be relieved of any further restitution obligation based on the fact that she has paid approximately half of the original restitution amount, she has completed the other aspects of her sentence, and her co-defendant has apparently (at least so far) avoided paying any restitution for whatever reason.

The court appreciates that Ms. Alexander has served the home detention and probationary terms of her sentence and that she has already paid thousands of dollars in restitution in this case. The court also understands Ms. Alexander's frustration over the fact that her co-defendant, Andrew Craig, has managed to avoid shouldering any of the responsibility and

---

[3] While the document Alexander filed was, in fact, in the form of a letter, it also contained a title stating that it was a "Motion to Dismiss Restitution." Even if it did not contain such a title, the letter is clearly intended as a motion for relief from that portion of Alexander's sentence concerning restitution. Also, Alexander does not cite a federal rule or statute as a basis for her current motion. However, restitution orders imposed by sentencing courts can be corrected, modified, amended, or adjusted in certain circumstances. *See* 18 U.S.C. § 3664(o)(1)(A)-(D). None of the circumstances set forth in the statute (or any of the other statutes it references) are present in this case.

[4] Actually, this case commenced with the filing of a criminal complaint on July 28, 1998. See Docket at 1. On January 14, 1999, a multi-count Indictment was filed charging Alexander and two co-defendants, Andrew Craig and Gary Davis, with violations of 18 U.S.C. § 1029(b)(2). See Docket at 15.

2

burden of the restitution.  Unfortunately for Alexander, this does not provide an adequate basis for the court to dismiss the remainder of the restitution judgment as it pertains to her.

In its response to the motion, the government makes several important points.  First, the government points out that even though the restitution order was the joint and several liability of Alexander and Craig, "Alexander is responsible for 18 victims and only 5 are joint with Craig." Government's Response to Defendant's Motion for Dismissal of Restitution Payment ("Government's Response"), Docket at 110, p. 1.  Second, the government states that "[t]o date, Alexander has paid $4,417.05 with a balance due" of $3,825.00 in principal and $2,430.49 in interest "for a total of $6,255.49."  *Id.*  Thus, a large amount of the restitution remains unpaid. Third, the government argues that in this case "the Court was able to make a determination of loss and that there were cognizable victims.  18 U.S.C. § 3663.  Based on these determinations, the Court ordered restitution.  Nothing in Alexander's motion diminishes the lawfulness of the Court's restitution Order or the appropriateness of Alexander continuing to pay restitution to those Alexander harmed through criminal conduct."  *Id.*  Finally, the government notes that "[t]he liability to pay a fine or restitution lasts 20 years plus any period of incarceration or until the death of the defendant, pursuant to 18 U.S.C. § 3613."  *Id.*  For these reasons, the government urges the court to deny Alexander's motion.  *Id.*, p. 2.

The court finds that the government's position is the correct one.  Alexander presents no legal basis for altering, modifying, rescinding, or dismissing the restitution order in this case as it pertains to her.  The court does not doubt Alexander's implied assertion in her motion that the

3

restitution is a financial burden on her.[5] And as already stated, her frustration over the fact that her co-defendant allegedly has not paid any amount of restitution is also understandable. But an order imposing a restitution obligation on a defendant as a result of that person's criminal conduct is an important element of a sentence, especially in a financial fraud case such as this. When this court imposes a sentence in a criminal case, it expects that all aspects of that sentence will be complied with in their entirety in order to fulfill the objectives of criminal sentences, which include not just punishment, but also deterrence, rehabilitation and, in this instance, victim compensation. In the present case, the last element of Alexander's sentence remains unfulfilled since the restitution has not yet been paid in full.

## CONCLUSION

For the reasons discussed in this Order, the Motion to Dismiss Restitution filed by defendant Scottie Alexander is DENIED.

Date: February 14, 2008.

    /s/   William C. Lee
    William C. Lee, Judge
    United States District Court
    Northern District of Indiana

---

[5] The present restitution order requires Alexander to pay the modest sum of $75.00 per month. She does not assert in her motion that she is unable to pay this amount, only that she no longer feels it is fair for her to have to do so.